IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobby Joe Mann, | No. CV-11-115-TUC-FRZ (JCG) |
| Petitioner, | **REPORT & RECOMMENDATION** |
| vs. | |
| Craig Apker, | |
| Respondent. | |

Pending before the court is a Petition for Writ of Habeas Corpus brought pursuant to Title 28, United States Code, section 2241. The petitioner, Bobby Joe Mann, currently confined in the United States Penitentiary in Tucson, Arizona alleges that his sentence was unconstitutionally enhanced. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for a Report and Recommendation. Before the Court are the Petition (Doc. 1), Respondent's Answer (Doc. 8) and Petitioner's Reply. (Doc. 10.)

## Summary of the Case

Petitioner is serving a 240-month sentence, followed by 8 years' supervised release, for Conspiracy to Commit Racketeering (18 U.S.C. § 1962(d)), Racketeering Activities (18 U.S.C. § 1962(c)), and Conspiracy to Distribute Controlled Substances (21 U.S.C. § 841). (Doc. 1-1, pg. 2; Doc. 8, pg. 1.) Petitioner is projected to be released from custody on August 1, 2015, via Good Conduct Time Release. (Doc. 8-1, pg. 9.)

Petitioner was convicted in the United States District Court for the Middle District of Florida on May 13, 1998. (CR-94-220-SCB-MAP (M. D. Fla.) ECF No. 2970.)[1] He appealed his judgment and sentence and the Eleventh Circuit affirmed the judgment and sentence on April 3, 2001. (*Id.*) On September 24, 2002, Petitioner filed a Motion to Vacate pursuant to 18 U.S.C. § 2255, which the trial court denied on September 2, 2004. (*Id.*) Petitioner appealed the denial of his § 2255 Motion and the Eleventh Circuit denied Petitioner's motion for a certificate of appealability. (*Id.*) On November 5, 2007, Petitioner filed a Motion for Modification or Correction of Sentence, which the trial court denied. (CR-94-220-SCB-MAP (M. D. Fla.) ECF Nos. 2969, 2970.)

On February 18, 2011, Petitioner filed the pending Petition. (Doc. 1.) In his Petition, Petitioner raises one claim: that he is "actually and factually innocent of the factual underpinnings which form the basis of his enhanced sentence arising under United States Sentencing Guidelines Manual §2D1.1(b)." (*Id.*, p. 3.) Petitioner contends that his involvement in transactions involving drugs were separate from his transactions involving firearms and, therefore, his Base Offense Level should not have been increased by two points for possession of a firearm in furtherance of a drug trafficking offense.

## **Discussion**

**A.     Exhaustion of Administrative Remedies**

A federal prisoner is generally required to exhaust his federal administrative remedies before filing a habeas petition, but the exhaustion requirement is not jurisdictional. *See, e.g., Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991). In the present case, Respondents concede that the Bureau of Prisons would not have had authority to grant Petitioner's requested relief. For this reason, and because the Magistrate concludes that Petitioner is not entitled to relief

---

[1] The parties did not provide any relevant records from Petitioner's trial court or appellate court proceedings. In drafting this Report and Recommendation, the Magistrate has located necessary records online at http://ecf.flmd.uscourts.gov, the electronic docket for the United States District Court, Middle District of Florida. The electronic docket is cited herein as "CR-94-220-SCB-MAP (M. D. Fla.) ECF No. ___." It would serve the interests of judicial expediency for the parties to provide relevant records to the Court as exhibits to the Petition and/or Answer.

pursuant to 28 U.S.C. § 2255(e), the Magistrate declines to recommend dismissal based on failure to exhaust administrative remedies.

**B.     Petitioner is not Entitled to Relief**

Petitioner contends that he is actually innocent of possessing a firearm during the convicted offense, and therefore his sentence should not have been increased pursuant to § 2D1.1(b) of the United States Sentencing Guidelines ("§ 2D.1.1"). Section 2D.1.1 provides that a sentence shall be increased two levels if a dangerous weapon was possessed during commission of the offense. According to Petitioner, the evidence at trial demonstrated that Petitioner sold a firearm and illegal drugs to an undercover agent in two separate transactions. (Doc. 1-1, pg. 5.) Petitioner contends that, under the legal standard set forth in *Watson v. United States*, 552 U.S. 74 (2007), exchanging firearms and drugs in separate transactions does not amount to "possession" of a firearm within the meaning of § 2D.1.1. Petitioner further contends that, absent such Base Offense Level increase, he would not be incarcerated. (Doc. 1, pg. 3.)

Generally, motions to contest the legality of a sentence must be filed under 28 U.S.C. § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Section 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (holding that, in general, "[a] federal prisoner authorized to seek relief under section 2255 may not petition for habeas corpus relief pursuant to section 2241"). Thus, Petitioner would ordinarily be required to bring his claim in a Motion to Vacate filed pursuant to 28 U.S.C. § 2255. Section 2255(e) also provides, however, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Petitioner claims that he is entitled to pursue his pending Petition under the § 2255(e) exception.

The exception provided for by § 2255(e) is narrow. Although the Ninth Circuit has not directly considered when, or whether, a federal prisoner may resort to § 2241 in order to avoid the limitations on second or successive petitions contained in § 2255, other circuits to consider application of § 2255(e) have held, in essence, that a federal prisoner who is "actually innocent" of the crime of conviction, but who never has had "an unobstructed procedural shot" at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed. *See Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000) (declining to decide issue and collecting cases on point).

Here, Petitioner does not assert that he is actually innocent of any of the charges for which he was convicted. Rather he claims that he is innocent of the sentencing enhancement and asserts that this is sufficient to permit him to proceed under §2241. The Supreme Court has declined to decide whether the actual innocence exception extends to noncapital sentencing cases. *See Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847 (2004). The Ninth Circuit has not addressed this specific issue and the circuit courts that have are split on the issue of whether the doctrine is applicable and to what extent. *Compare Gilbert v. United States,* 640 F.3d 1293 (11th Cir. 2011) (en banc) (actual innocence exception does not apply to noncapital sentencing errors)[2]; *Sun Bear v. United States,* 644 F.3d 700 (8th Cir. 2011) (same); *and Reid v. Oklahoma,* 101 F.3d 628, 620 (10th Cir. 1996) (concluding that a person cannot be actually innocent of a noncapital sentence); *with Spence v. Superintendent, Great Meadow Corr. Facility,* 219 F.3d 162, 171 (2d Cir. 2000) (applying actual innocence exception to noncapital sentencing procedures); *Haley v. Cockrell*, 306 F.3d 257, 264 (5th Cir. 2002) (exception applies to noncapital sentencing procedures involving career or habitual felony offender), *vacated and remanded on other grounds, Dretke,* 541 U.S. 386, 124 S.Ct. 1847 (2004), *and United States*

---

[2] Petitioner relied on *Gilbert v. United States*, 609 F.3d 1159 (11th Cir. 2010) in support of his argument that judicial review was permissible. After the filing of his petition, the *Gilbert* decision was reversed by the en banc court and its holding rejects the argument now advanced by petitioner. *See Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2010).

- 4 -

*v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999) (same). This Court also need not decide, however, whether the actual innocence exception applies to a challenge to a non-capital sentencing because Petitioner cannot demonstrate actual innocence.

According to Petitioner, he is actually innocent of possession of a firearm within the meaning of Sentencing Guidelines section 2D.1.1 because the Supreme Court held in *Watson v. United States*, 552 U.S. 74 (2007), that a person who trades his drugs for a gun does not possess a firearm during commission of a drug offense. The problems with this argument are twofold. First, *Watson* does not address sentencing enhancements under § 2D.1.1. *Watson* held that trading drugs for a gun is not "use" of a firearm "during and in relation to ... [a] drug trafficking crime" within the meaning of 18 U.S.C. § 924(c)(1)(A), the criminal statute which sets a mandatory minimum sentence for a defendant who, "during and in relation to any crime of violence or drug trafficking crime[,] ... uses or carries a firearm." 552 U.S. at 76. Unlike Watson, Petitioner was not charged with or convicted of violating 18 U.S.C. §924(c)(1)(A).

The legal standards for possession of a firearm pursuant to Sentencing Guidelines § 2D.1.1 and 18 U.S.C. § 924(c)(1)(A) are distinct and separate.[3] 18 U.S.C. § 924(c)(1)(A) mandates a minimum sentence for a defendant who uses/carries a firearm during a drug offense or possesses a firearm in furtherance of a drug offense. *See Watson*, 552 U.S. at 76 (outlining the judicial interpretations and congressional amendments of 18 U.S.C. § 924(c)(1)(A) to clarify its scope). Under § 2D.1.1, a two-level enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2Dl.1(b)(1), comment. (n.3). In enhancing a sentence pursuant to § 2D.1.1, "[T]he court need not find a connection between the firearm and the offense." *United States v. Restrepo*, 884 F.2d 1294, 1296 (9th Cir. 1989). A weapon found in a defendant's residence, even after the commission of the offense, is considered to be "possessed" for the purposes of the enhancement. *See United States v. Pitts*, 6 F.3d 1366, 1372-73 (9th Cir. 1993). Further, it is not

---

[3] In fact, a person convicted of violating 18 U.S.C. § 924(c)(1)(A) cannot be subjected to an enhanced sentence under § 2D.1.1. *See United States v. Aquino*, 242 F.3d 859, 865 (9th Cir. 2001.)

1  necessary for the weapons and drugs to be found in proximity to each other. *See United States*
2  *v. Willard*, 919 F.2d 606, 609-10 (9th Cir.1990) (finding that guns found at defendant's place
3  of business were possessed and that it was not clearly improbable that they were connected to
4  drug offense at another location). Notably, at sentencing, Petitioner's counsel argued against
5  the sentencing enhancement on the grounds that there was no evidence that Petitioner
6  brandished a firearm or used a firearm in connections with a drug transaction. The prosecution
7  argued the distinction between use of a firearm in the Sentencing Guidelines provision and 18
8  U.S.C. § 924(c), and pointed out testimony supporting the enhancement including evidence that
9  Petitioner possessed a firearm during the course of the drug conspiracy and testimony that
10 Petitioner had on one occasion "a firearm shooting at a specific location." The judge agreed and
11 applied the enhancement. (CR-94-220-SCB-MAP (M. D. Fla.) ECF No. 2501.)

12       Second, *Watson* is factually distinguishable. There is no evidence that Petitioner "traded"
13 a gun for drugs like the defendant in *Watson*. Oakland Police Department Officer James Wilson
14 testified at Petitioner's sentencing regarding various exchanges he had with Petitioner while
15 working undercover. (CR-94-220-SCB-MAP (M. D. Fla.) ECF No. 2501.) In 1994, Officer
16 Wilson provided Petitioner with packages of cocaine, which Petitioner transported in exchange
17 for payment. (*Id*. at pgs. 5-13.) On one occasion, Officer Wilson mentioned that he had friends
18 who were interested in acquiring firearms but were prohibited possessors. (*Id*. at pg. 8.)
19 Petitioner offered to sell a firearm to Officer Wilson; Petitioner and Officer Wilson met and
20 Officer Wilson purchased a semi-automatic handgun from Petitioner. (*Id*. at pg. 9.) During that
21 same exchange Officer Wilson paid Petitioner for a previous drug transport. (*Id*.) Officer
22 Wilson and Petitioner later had additional discussions about Petitioner's willingness to transport
23 drugs for and sell guns to Officer Wilson. (*Id*. at 11.) At no time did Officer Wilson and
24 Petitioner exchange drugs for guns. Conversely, the defendant in *Watson* provided an
25 undercover agent with OxyContin in exchange for a semiautomatic pistol. 552 U.S. at 77.
26 Thus, *Watson's* holding is factually distinguishable from the present case. In sum, *Watson* does
27 not provide grounds, either legally or factually, for post-conviction relief in a § 2241 proceeding
28

challenging a sentencing enhancement. *See Nguyen v. Davis*, 2010 WL 902481 (D. Colo. March 12, 2010).

In addition to failing to meet his burden of proof with respect to his "actual innocence," Petitioner has failed to demonstrate that he was without an "unobstructed procedural shot" at challenging his sentencing enhancement. Petitioner filed both an appeal and a Motion to Vacate pursuant to 28 U.S.C. § 2255. During those proceedings, Petitioner was free to argue that his sentencing enhancement was without factual or legal support. In fact, it appears that Petitioner argued in his appeal that his sentence included an improper firearm enhancement. (CR-94-220-SCB-MAP (M. D. Fla.) ECF No. 2775.) To the extent that Petitioner argues that legal grounds to challenge his sentence did not arise until 2007, when *Watson* was decided and long after Petitioner had filed his appeal and Motion to Vacate, that argument is without merit. As stated above, *Watson* does not entitle Petitioner to post-conviction relief.

**Conclusion**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus. (Doc. 1.)

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV 11-115-TUC-FRZ.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondent.

DATED this 12th day of August, 2011.

Jennifer C. Guerin
United States Magistrate Judge